GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
BRUCE H. SEARBY (SBN 183267)
Assistant United States Attorney
Major Frauds Section
JONATHAN E. LOPEZ (SBN 210513)
Senior Trial Attorney, Fraud Section
United States Department of Justice
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5423
    Facsimile: (213) 894-6269
    E-mail: bruce.searby@usdoj.gov

Attorneys for the
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GERALD GREEN and<br>PATRICIA GREEN,<br><br>    Defendants. | NO. CR 08-59(B)-GW<br><br><u>GOVERNMENT'S TRIAL MEMORANDUM OF LAW REGARDING WHETHER THE DOCUMENTS ALLEGED BY THE GOVERNMENT TO BE ALTERED AND FALSIFIED MUST HAVE BEEN PRESENTED TO THE GOVERNMENT UNDER 18 U.S.C. § 1519</u><br><br>Hearing Date: None Set<br>Hearing Time: None Set<br><br>Courtroom of the Honorable George Wu |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and the Fraud Section, United States Department of Justice, Criminal Division ("Fraud Section"), hereby submits this Memorandum of Law Regarding Whether the Documents Alleged by the Government to Be Altered and Falsified

Must Have Been Submitted to the Government Under 18 U.S.C. § 1519.

DATED: September 8, 2009        Respectfully submitted,

GEORGE S. CARDONA
Acting United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division


         /s/
-----------------------------
BRUCE H. SEARBY
Assistant United States Attorney
JONATHAN E. LOPEZ
Senior Trial Attorney

   Attorneys for the
   United States of America

1           MEMORANDUM OF LAW

    The government submits this memorandum of law regarding whether, under 18 U.S.C. § 1519 ("Section 1519"),[1] the government must prove that the documents allegedly altered and falsified by defendant Gerald Green were actually submitted to the government.[2] The statutory text of Section 1519, its legislative history, and policy considerations all dictate that the answer to this question is no.

    As an initial matter, the plain language of Section 1519 nowhere states or suggests that, in a case where documents or records are alleged to have been altered or falsified, the government must prove that these documents were actually submitted to the government. Rather, the statutory language of Section 1519 contemplates precisely the opposite factual scenario. Section 1519 contains two elements: (1) that the defendant "knowingly alter[ed], destroy[ed], mutilate[d], conceal[ed], cover[ed] up, falsifie[d] or ma[de] a false entry in any record, document, or tangible object"; and (2) that the

---

[1]     The complete text of Section 1519 is as follows:

Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be filed under this title, imprisoned not more than 20 years, or both.

[2]     This issue first arose during the August 10, 2009 pretrial hearing on defendant's motion for a protective order.

1

defendant acted either (a) "with intent to impede, obstruct, influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States . . .," or (b) "in relation to or contemplation of any such matter . . . ." The first element expressly encompasses situations in which documents are "destroy[ed], . . . conceal[ed], [or] cover[ed] up," in which case such documents would and could not have been provided to the government. And the second element of the statute -- in particular, the phrase "in relation to <u>or contemplation of</u>" -- extends the reach of Section 1519 to cases in which a defendant acts before any federal investigation or proceeding has even begun. It would defy this plain statutory language to require the providing of documents to the government where no government investigation or proceeding is even pending.

Second, the legislative history of Section 1519 supports the conclusion that a defendant may be convicted under that provision even though he or she did not provide any documents or records to the government. Enacted as part of the Sarbanes-Oxley Act of 2002, in the aftermath of Enron's collapse and reports of document shredding at Arthur Andersen, Section 1519 was

> meant to apply broadly to any acts to destroy or fabricate physical evidence so long as they are done with the intent to obstruct, impede or influence the investigation or proper administration of any matter, . . . or such acts done either in relation to or in contemplation of such a matter or investigation.

S. Rep. No. 107-146, pp. 14-15 (2002). The drafter of Section 1519, Senator Patrick Leahy, was explicit about the Section's 1519 application to cases in which there was no federal

2

investigation pending, when he summarized the provision's intent as follows:

> This statute is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie the obstructive conduct to a pending or imminent proceeding or matter. It is also sufficient that the act is done "in contemplation" of or in relation to a matter or regulation . . . . [Section 1519] extends to acts done in contemplation of such federal matters, so that the timing of the act in relation to the beginning of the matter or investigation is . . . not a bar to prosecution.

148 Cong. Rec. S7,418-19 (daily ed. July 26, 2002) (statement of Sen. Leahy). Given Congress's plain intent that Section 1519 reach document tampering that occurs before the commencement of any federal investigation or proceeding, it would make little sense to require the government to prove that those documents were actually provided to the government. Such a requirement would presuppose the existence of an investigation or proceeding that both the legislative history and plain language of Section 1519 make clear is unnecessary for the government to prove.

Third, although there does not appear to be any case law directly addressing the issue whether the government must prove that documents were actually provided to the government under Section 1519, what case law that exists supports the conclusion that this provision should be applied broadly, consistently with its plain language. In United States v. Hunt, 526 F.3d 739 (11th Cir. 2008), for example, the Eleventh Circuit found the evidence sufficient to support the conviction under Section 1519 of a police officer who submitted a false police report, prior to the commencement of any federal investigation, but in anticipation of such an investigation into whether the officer had used excessive

force. See id. at 742, 745. Although the Federal Bureau of Investigation ultimately did commence an investigation in which the police report came to light, the police report was never provided directly to the government (because no federal investigation was pending at the time it was filed), and nothing in Hunt suggests the existence of such a requirement. Rather, the defendant's crime was completed at the time he filed the false police report.

Finally, policy considerations argue against grafting onto Section 1519 a requirement that the altered or falsified documents be submitted to the government. Whether the documents are ultimately submitted to or discovered by the government does not affect the culpability of a defendant who alters, falsifies, or destroys documents with the requisite intent of influencing a pending or contemplated federal investigation or proceeding. Adding such a requirement to Section 1519 would provide a windfall to defendants caught by especially vigilant law enforcement authorities, and would create perverse incentives on the part of the government to protract its investigation of individuals engaged in obstructive conduct.

//

//

1  For the foregoing reasons, the government submits that it is
2  not required under Section 1519 to prove that the documents
3  allegedly altered and falsified by defendant Gerald Green were
4  actually submitted to the government.

DATED: September 8, 2009         Respectfully submitted,

                                 GEORGE S. CARDONA
                                 Acting United States Attorney

                                 CHRISTINE C. EWELL
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                       /s/
                                 BRUCE H. SEARBY
                                 Assistant United States Attorney
                                 JONATHAN E. LOPEZ
                                 Senior Trial Attorney

                                    Attorneys for the
                                    United States of America