

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. CR 08-59-GW |
| | ) | |
| Plaintiff(s), | ) | **PRELIMINARY INSTRUCTIONS** |
| | ) | |
| v. | ) | |
| | ) | |
| GERALD GREEN; PATRICIA GREEN | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| _____ | ) | |

## DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

## THE CHARGES—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States Government. The Government charges the Defendants Gerald Green and Patricia Green with the following 22 counts:

 Count 1: against both Defendants, conspiracy under 18 U.S.C. § 371 to violate the Foreign Corrupt Practices Act and the money laundering laws of the United States;

 Counts 2 through 10: against both Defendants, substantive violations of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-2(a)(1) and (g)(2)(A);

 Counts 11 through 18: against both Defendants, substantive violations of the money laundering laws of the United States, 18 U.S.C. § 1956(a)(2)(A);

 Counts 19: against Gerald Green only, obstruction of justice in violation of 18 U.S.C. § 1519; and

 Counts 20 and 21: against Patricia Green only, willfully making and signing a U.S. income tax return knowing that it contains false or incorrect information.

The charges against the Defendants are contained in an Indictment. The Indictment is simply the description of the charges made by the Government against the Defendants. It is not evidence of anything.

A complete set of jury instructions will be given to you at the close of the evidentiary portion of the trial and that set of instructions will control your deliberations.

The Defendants have pleaded not guilty to the charges and are presumed innocent unless and until they are proved guilty beyond a reasonable doubt. In this criminal case, the Government bears the burden of proving a defendant's guilt beyond a reasonable doubt. That burden never shifts. Therefore, a defendant has the right to remain silent and never has to prove his or her innocence or present any evidence.

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty as to a particular count, it is your duty to find the defendant not guilty as to that count. On the other hand, if

after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty as to that particular count.

Although Defendants Gerald Green and Patricia Green are being tried together, you must give separate consideration to each defendant as to each count. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant. Likewise, each count should be considered separately from any other count. The fact that you find one defendant guilty or not guilty as to one count, should not necessarily control your verdict as to any other count.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:
(1) the sworn testimony of any witness;
(2) the exhibits which are received into evidence; and
(3) any facts to which all the lawyers stipulate.

## WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:
(1) statements and arguments of the attorneys;
(2) questions and objections of the attorneys;
(3) testimony that I instruct you to disregard; and
(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence at trial. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may

object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and/or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Please understand that no statement, ruling or comment that I may make during the course of the trial is intended to indicate my opinion as to how the jury should decide the case or to influence the jury in any way in its determination of the facts.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:
1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness's testimony;
6. the reasonableness of the witness's testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to it. Use your common sense and good judgment in evaluating the testimony and other evidence received during the trial.

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

### NO TRANSCRIPT AVAILABLE TO JURY
At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

### TAKING NOTES
If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### OUTLINE OF TRIAL
The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement. The defense can "reserve" an opening statement - that is, a defendant can elect to wait until the government has presented its evidence in chief before making an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

### BENCH CONFERENCES AND RECESSES
From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence. It is appropriate to take these matters up outside the presence of the jury. Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### JURY TO BE GUIDED BY OFFICIAL ENGLISH
### TRANSLATION/INTERPRETATION

Languages other than English may be used during this trial.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

If a witness requires the use of an interpreter, you must not make any assumptions about that witness based solely upon the use of an interpreter to assist that witness.

### RECESSES

When you on a break from the trial during a recess and until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.