

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| UNITED STATES OF AMERICA | ) | No. CR 08-59-GW |
|---|---|---|
| Plaintiff(s), | ) | **JURY INSTRUCTIONS** |
| v. | ) | |
| GERALD GREEN; PATRICIA GREEN | ) | |
| Defendant(s). | ) | |

### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions has been provided to you, which you may take into the jury room.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

### PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

This is a criminal case brought by the United States Government against Defendants Gerald Green and Patricia Green. The Government charges the Defendants Gerald Green and Patricia Green with the following 20 counts:

- Count 1: against both Defendants, conspiracy under 18 U.S.C. § 371 to violate the Foreign Corrupt Practices Act and the money laundering laws of the United States;
- Counts 2 through 10: against both Defendants, substantive violations of the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-2(a)(1) and (g)(2)(A);
- Counts 11 through 17: against both Defendants, substantive violations of the money laundering laws of the United States, 18 U.S.C. § 1956(a)(2)(A);
- Count 19: against Gerald Green only, obstruction of justice in violation of 18 U.S.C. § 1519; and
- Counts 20 and 21: against Patricia Green only, willfully making and signing a U.S. income tax return knowing that it contains false or incorrect information.

The charges against the Defendants are contained in the Second Superseding Indictment (henceforth "Indictment"). A copy of the Indictment will be provided to you, which you may take into the jury room. The Indictment is simply the description of the charges made by the Government against the Defendants; it is not evidence of anything.

The Defendants have pleaded not guilty to the charges. A defendant is presumed to be innocent and does not have to testify or present any evidence to prove his or her innocence. The Government has the burden of proving every element of each charge beyond a reasonable doubt.

### A DEFENDANT'S DECISION TO OR NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that a defendant did not testify.

1

However, if a defendant does testify, you should treat his testimony just as you would the testimony of any other witness.

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

The Defendants are presumed to be innocent as to any charge until such time as the Government meets its burden of proving their guilt beyond a reasonable doubt. That burden of proof never shifts to the Defendants. Therefore, if after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a Defendant is guilty as to a charge, it is your duty to find the Defendant "not guilty". On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant "guilty".

If, after considering all of the evidence and these jury instructions and discussing the case with your fellow jurors, you conclude that the evidence as to a particular count reasonably permits either of two conclusions – one that the defendant is innocent of the charge and the other that the defendant is guilty, you must adopt the conclusion of innocence.

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:
(1) the sworn testimony of any witness;
(2) the exhibits which have been received into evidence; and
(3) any facts to which all the lawyers have stipulated.

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony, exhibits, and stipulation received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some

testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

    4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    1. the opportunity and ability of the witness to see or hear or know the things testified to;
    2. the witness's memory;
    3. the witness's manner while testifying;
    4. the witness's interest in the outcome of the case and any bias or prejudice;
    5. whether other evidence contradicted the witness's testimony;
    6. the reasonableness of the witness's testimony in light of all the evidence; and
    7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Testimony concerning any fact by one witness, which you believe, is sufficient for the proof of that fact. You should carefully review all of the evidence upon which the proof of that fact depends.

## DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

3

During the trial, the deposition of Yanichnat Chalermtiarana, which was taken on August 21, 2009, was presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

In Ms. Chalermtiarana's deposition, she testified through an official court interpreter. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of the witness's testimony. You must disregard any different meaning of the non-English words.

### STATEMENTS BY DEFENDANT

During the trial, you have heard testimony that each Defendant made certain statements. As to each such statement, it is for you to decide (1) whether the Defendant in fact made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

### OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

### GOVERNMENT'S USE OF INFORMANTS

You have heard testimony from Susan Shore, an informant, who was involved in the Government's investigation in this case. Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants and/or the use of hidden recording devices. The Government may utilize a broad range of schemes and ploys in its investigation.

### TESTIMONY OF WITNESSES AFTER GRANT OF IMMUNITY

You have heard testimony from Susan Shore, who has received immunity from the Government. That testimony was given in exchange for a promise by the Government that her testimony will not be used in any case against her.

For these reasons, in evaluating Susan Shore's testimony, you should consider the extent to which or whether her testimony may have been influenced by that factor. In addition, you should examine her testimony with greater caution than that of other witnesses.

### SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not

correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## ACTIVITIES NOT CHARGED

The Defendants are on trial only for the crimes charged in the Indictment, not for any other activities.

During the trial, you may have heard evidence of other potential crimes or wrongful acts engaged in by one or both of the Defendants. You may consider that evidence only as it bears on a Defendant's knowledge and/or intent, and for no other purpose.

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS— SINGLE DEFENDANT

A separate crime is charged against one or both of the Defendants in each count. The charges have been joined for the trial. You must decide the case of each Defendant on each crime charged against that Defendant separately. Your verdict on any count as to any Defendant should not control your verdict on any other count or as to any other Defendant.

Unless your are instructed otherwise, all of the instructions apply to each Defendant and to each count.

## "ON OR ABOUT"

The Indictment charges that the offences alleged were committed "on or about" a certain date.

Although it is necessary for the Government to prove beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the Government to prove that the offense was committed precisely on the date charged.

## APPROXIMATE AMOUNTS CHARGED

The Indictment in certain of the counts alleges that an approximate amount of money was involved in the crime charged. It is not necessary for the Government to prove the exact or precise amount of money alleged in the Indictment.

## CONSPIRACY—ELEMENTS

Count One of the Indictment charges defendants Gerald Green and Patricia Green with conspiracy to violate the Foreign Corrupt Practices Act and to commit Transportation Promotion Money ~~Laundering~~ [to promote unlawful activity] in violation of Title 18, United States

5

Code, section 371. Section 371 provides in part, as follows:
> If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each shall be [guilty of an offense against the United States] .

In order for a defendant to be found guilty of the conspiracy charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or around 2002, and ending in or around 2007, in the Central District of California, there was an agreement between two or more persons to commit at least one crime as charged in the Indictment, that is 1) to bribe a foreign official, or 2) to transport funds between countries to promote unlawful activity;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The Government is not required to prove that the Defendant personally did one of the overt acts.

### CONSPIRACY—KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the

performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a Defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the Defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the Defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the Defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

## WITHDRAWAL FROM CONSPIRACY

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it. One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts. You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.

The Government has the burden of proving that the Defendant did not withdraw from the conspiracy before the overt act—on which you all agreed—was committed by some member of the conspiracy.

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

Evidence has been received in this case that certain persons, who are alleged in Count One of the Indictment to be coconspirators of the Defendant, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals. Such acts and statements of these other individuals may be considered by you in determining whether or not the Government has proven Count 1 against the Defendant. Since these acts may have been performed and these statements may have been made outside the presence of the Defendant, and even said or done without the Defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the Defendant where the Defendant did not do the particular act or make the particular statement.

## "OVERT ACT" DEFINED

In order to sustain its burden of proof under Count 1 of the Indictment, the Government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that

7

this overt act was performed during the existence of life of the conspiracy and was done to somehow further the goals of the conspiracy or agreement. The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement. Although you must unanimously agree that the same overt act was committed, the Government is not required to prove more than one of the overt acts charged. The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

### KNOWINGLY — DEFINED

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that the Defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

### PROOF OF INTENT

As used in these instructions, the intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

### FOREIGN CORRUPT PRACTICES ACT

One of the alleged objects of the conspiracy charged in Count One of the Indictment is a violation of the Foreign Corrupt Practices Act (henceforth "FCPA"). In addition, Counts Two through Ten charge both Defendants with nine separate FCPA violations. See paragraph 26 of the Indictment for a description of each of the FCPA counts.

A FCPA violation is described in 15 U.S.C. § 78dd-2(a) as follows:
> It shall be unlawful for any domestic concern . . . or for any officer, director, employee, or agent of such domestic concern . . . , to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to--
> (1) any foreign official [or]

8

* * * * *

    [(3) any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official . . .]
      for purposes of -
        (A) (i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or
        (B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,
      in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to, any person . . . .

15 U.S.C. § 78dd-2(g)(2)(A) makes it a crime for a person to "willfully violate" Section 78dd-2.

### ELEMENTS OF A FCPA VIOLATION

    To establish that a Defendant violated the FCPA, the Government must prove each of the following seven elements beyond a reasonable doubt:
    First, the Defendant was a "domestic concern" or an officer, director, employee of agent of a domestic concern;
    Second, the Defendant made use of the mails or any means or instrumentality of interstate commerce;
    Third, at which time the Defendant was acting "corruptly";
    Fourth, when the defendant authorized, offered to pay, or made a gift or payment of anything of value to a foreign official or to any person (knowing that all or a part of such gift or payment would be offered or given directly or indirectly to a foreign official);
    Fifth, for the purpose of (a) influencing any act or decision of such foreign official in his official capacity, (b) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (c) securing any improper advantage;
    Sixth, the gift or payment was authorized or made to assist the domestic concern in obtaining or retaining business for or with (or directing business to) any person; and
    Seventh, the Defendant acted willfully.

    A "domestic concern" means any individual who is a citizen or resident of the United States and/or any corporation, partnership or business entity which is organized under the laws of a State of the United States or which has its principal place of business in the United States.
    A "foreign official" means any officer or employee of a foreign government or

any department, agency or instrumentality of the foreign government; or any person acting in an official capacity or on behalf of any such foreign government, department or agency.

The term "interstate commerce" means trade, commerce, transportation or communications among the several States of this country, or between any foreign country and any State, or between any State and any location outside of that State. The term also includes the use of a telephone or other interstate means of communication or any other interstate instrumentality, such as fax transmissions, e-mail correspondence and wire transfers of funds between persons in different States or countries.

An act is "corruptly" done if done voluntarily and intentionally, and with a bad purpose or evil motive of accomplishing either an unlawful end or result, or a lawful end or result but by some unlawful method or means. The term "corruptly" in FCPA is intended to connote that the offer, payment, or promise was intended to induce the recipient to misuse his or her official position.

A violation of the FCPA is "willful" if: 1) the Defendant's actions are intentional and not the result of an accident or mistake, and 2) the Defendant knows that his or her actions are in some way unlawful. As to the second point, the Defendant does not have to be aware of the existence of the FCPA itself, but the Defendant must have proceeded with the knowledge that he or she was doing a "bad" act under the general rules of law, doing an act with a bad purpose, or taken the action without any ground to believe that it was lawful.

## TRANSPORTING FUNDS TO PROMOTE UNLAWFUL ACTIVITY

Both Defendants are charged in Counts Eleven through ~~Eighteen~~ 17 of transporting funds to promote unlawful activity in violation of 18 U.S.C. § 1956(a)(2)(A). See paragraph 27 of the Indictment for a description of each of the section 1956(a)(2)(A) counts. In order for a Defendant to be found guilty of that crime, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant transported money from a place in the United States to or through a place outside the United States; and

Second, the Defendant acted with the intent to promote the carrying on of unlawful activity, that is the bribery of a foreign official in violation of the FCPA.

Section 1956(a)(2)(A) does not require that the money being transported be itself the proceeds from some prior unlawful activity.

## FALSIFICATION OF RECORDS IN A FEDERAL INVESTIGATION

The defendant GERALD GREEN is charged in Count Nineteen of the Indictment with knowingly making a false entry in documents to obstruct the investigation of a matter within the jurisdiction of a federal government agency, in violation 18 U.S.C. § 1519. In order for the Defendant to be found guilty of that crime, the Government must prove each of the following essential elements beyond a reasonable doubt:

First, Gerald Green knowingly falsified a document and/or caused a document to be altered in a material way; and

10

Second, he acted with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of a department or agency of the United States, namely, the Federal Bureau of Investigation.

A document is altered in a "material way" if the alteration would have a tendency to influence or is capable of influencing the federal agency's investigation or affecting the ability of the federal agents to conduct the investigation.

### AIDING AND ABETTING OR CAUSING AN ACT TO BE DONE

In addition to charging the Defendants by their own conduct with directly violating the FCPA in Counts Two through Ten, transporting funds internationally to promote unlawful activities in Counts Eleven through Seventeen, and the Defendant Gerald Green with falsification of records in a federal investigation in Count Nineteen, the Government has also charged the Defendants with "aiding and abetting" the commission of those crimes.

A defendant may be found guilty of willfully violating a designated crime, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the designated crime was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the designated crime; and

Third, the defendant acted before the designated crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the designated crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

If you find beyond a reasonable doubt that a Defendant directed a third party to perform an act, you may find that to be the same as if that Defendant performed the act.

### FILING FALSE TAX RETURN

Defendant Patricia Green is charged in Counts Twenty and Twenty-One of the Indictment with filing a false tax return in violation of 26 U.S.C. § 7206(1). In order for Patricia Green to be found guilty of that crime, the Government must prove each of the following elements beyond a reasonable doubt:

First, Patricia Green made and signed a tax return for the year 2004 that she knew contained false information as to a material matter;

Second, the return contained a written declaration that it was being signed

11

subject to the penalties of perjury; and
      Third, in filing the false tax return, she acted willfully.

      False information is material if it has a tendency to influence or is capable of influencing or affecting the ability of the Internal Revenue Service to audit or verify the accuracy of the tax return or a related return.
      In criminal tax cases, to prove "willfulness", the Government must prove that the law imposed a duty on the Defendant, that the Defendant knew of this duty, and that she voluntarily and intentionally violated that duty. Willfulness is a state of mind that may be established by circumstantial evidence such as the knowing commission of deceptive or fraudulent acts.

      As stated in 26 U.S.C. § 162(a), "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." However, 26 U.S.C. § 162(c) provides that "No deduction shall be allowed under subsection (a) for any payment made, directly or indirectly, to an official or employee of any government . . . if the payment constitutes an illegal bribe or kickback or, if the payment is to an official or employee of a foreign government [and] the payment is unlawful under the Foreign Corrupt Practices Act . . . ."

## DUTY TO DELIBERATE

      When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.
      You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.
      Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.
      Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.
      It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## CONSIDERATION OF EVIDENCE

      Your verdict must be based solely on the evidence which you have seen and/or heard during this trial, and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

### USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### "READ-BACK" OF TESTIMONY

If the jury has a disagreement on what the testimony of a particular witness was on a subject or question, you may request that the court reporter read back the relevant portion of that witness's testimony. However, you should only make such a request after trying your best to resolve that issue amongst yourselves. It will take time for the reporter to locate and transcribe the testimony and then the attorneys and I will have to review it as well.

During a read-back by the reporter, you are not to deliberate in his presence. You are not to ask him any questions or request that he read other portions of the transcript which you have not previously requested from the Court.

### JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for any crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

### VERDICT FORM

A verdict form has been prepared for you. Please read the verdict form carefully and follow its instructions.

After you have reached unanimous agreement on the verdict form, your foreperson will fill in the form, sign and date it and advise the Court that you are ready to return to the courtroom.

### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.